UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

**02-80320**

**CIV-MIDDLEBROOKS**

**MAGISTRATE JUDGE**
**BANDSTRA**

ROGIER D. COLLEY and
CATHERINE E. SAMPSON,

        Plaintiffs,

vs.

CITY OF RIVIERA BEACH, a Florida
Municipality, and  DAVID HARRIS,
Individually,

        Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, ROGIER D. COLLEY (hereinafter "ROGIER") and CATHERINE E.

SAMPSON (hereinafter "CATHERINE"), sue the Defendants, CITY OF RIVIERA BEACH, a

Florida Municipal Corporation (hereinafter "RIVIERA BEACH") and DAVID HARRIS,

individually (hereinafter "ASSISTANT CHIEF HARRIS") for damages and allege:

### JURISDICTION AND VENUE

1.      This is an action brought pursuant to 42 U.S.C. Section 1983 and Section 1988,

the Fourth and Fourteenth Amendments to the United States Constitution, and Florida tort law.

Jurisdiction is based upon 28 U.S.C. Section 1331 and Section 1367.  Venue is proper in the

Southern District of Florida, West Palm Beach Division, because the cause of action arose in

Palm Beach County, Florida.

1



## CONDITIONS PRECEDENT

2.      All conditions precedent to the maintenance of common law tort actions against

the Defendant, RIVIERA BEACH, have been fulfilled pursuant to Section 768.28, Florida

Statutes.

## PARTIES

3.      Plaintiff, ROGIER D. COLLEY, is sui juris, is a citizen of the United States, and

at all times material hereto was and is a resident of 1473 West 35th Street, Riviera Beach, Palm

Beach County, Florida.

4.      Plaintiff, CATHERINE E. SAMPSON, is sui juris, is a citizen of the United States,

and at all times material hereto was and is a resident of 1473 West 35th Street, Riviera Beach,

Palm Beach County, Florida.

5.      Defendant, CITY OF RIVIERA BEACH, is a Florida municipal corporation, and

at all times material hereto was and is the employer of the Defendant, DAVID HARRIS.

6.      Defendant, DAVID HARRIS, is sui juris, is a citizen of the United States, is a

resident of Palm Beach County, Florida, and at all times material hereto was and is a sworn police

officer serving as Assistant Chief of the Riviera Beach Police Department and acting under color

of state law.

## FACTS

7.      Plaintiffs', ROGIER and CATHERINE, home was burglarized shortly before 2:00

p.m. on Tuesday afternoon, December 12, 2000 by two unknown black males.  Their son,

2

Terrance Sampson, was in the family home at the time.

8.      The two unknown black males forced their way into the Plaintiffs', ROGIER and CATHERINE, home, held their son at gun point tying him up with a cord, and ransacked the premises taking what they could. After the two assailants left the home, the Plaintiffs' son untied himself, secured the house, and went to a neighbor's home across the street to report the incident to his father, Plaintiff ROGIER, and the police.

9.      When officers from the City of Riviera Beach Police Department arrived, they met with the Plaintiffs' son in the neighbor's driveway.

10.     Plaintiff ROGIER arrived shortly thereafter as his son was telling the police officers what happened. After learning that his son was okay, Plaintiff ROGIER left his son with the police officers in the neighbor's driveway and went to his home to assess the damage.

11.     Plaintiff ROGIER entered his home through the front door, a door that was seldom used by the family. Plaintiff ROGIER could not enter his home through the carport door, the door more commonly used by the family, because his son had broken off a portion of his key in the carport door lock earlier that afternoon when he attempted to secure the house before calling Plaintiff ROGIER and the police to report the burglary.

12.     Plaintiff ROGIER was in his home no more than a minute or two when officers of the City of Riviera Beach Police Department led and directed by Defendant, ASSISTANT CHIEF HARRIS, opened his front door [which was now unlocked], entered his home without permission, and instructed him to get out of his home immediately so that they could investigate the burglary.

13.     Plaintiff ROGIER advised Defendant, ASSISTANT CHIEF HARRIS, and the other officers that they did not have a right to be in his home, that he was not going to give them permission to search his home or look through it, and that they needed to leave and go search for

3

the perpetrators of the crime.

14.    Plaintiff ROGIER was then escorted out of his home by the police and he was not permitted to re-enter his home or leave the driveway of his home for hours while police officers searched through his home without a search warrant at the direction of Defendant, ASSISTANT CHIEF HARRIS.

15.    At some point during the search, Plaintiff CATHERINE arrived and she too was not permitted to enter the home.  Further, she was instructed to remain in the driveway with Plaintiff ROGIER.

**COUNT I**
**42 U.S.C. 1983 CLAIM AGAINST DEFENDANT ASSISTANT CHIEF HARRIS FOR**
**FOURTH AMENDMENT VIOLATION, UNREASONABLE SEARCH AND SEIZURE**

Plaintiffs, ROGIER and CATHERINE, readopt and re-allege the allegations in paragraphs 1-15 as if fully set forth herein.

16.    Defendant, ASSISTANT CHIEF HARRIS, acting under color of state law as a sworn police officer with the City of Riviera Beach Police Department did deprive Plaintiffs, ROGIER AND CATHERINE, of their right to be free from unreasonable searches of their home and seizures of their person and home as guaranteed by the Fourth Amendment to the United States Constitution.  Defendant, ASSISTANT CHIEF HARRIS, and the other officers were deliberately indifferent to Plaintiffs', ROGIER and CATHERINE, constitutional rights.

17.    As a direct and proximate result of the wrongful acts of Defendant ASSISTANT CHIEF HARRIS, the Plaintiffs, ROGIER AND CATHERINE, suffered the following injuries:

(a)    public shame and humiliation;

(b)    emotional pain and suffering, past and future;

4

    (c)    punitive damages;

WHEREFORE, Plaintiffs, ROGIER and CATHERINE, demand judgment for compensatory and punitive damages against the Defendant, ASSISTANT CHIEF HARRIS, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988, and trial by jury on all issues so triable.

## COUNT II
## 42 U.S.C. 1983 CLAIM AGAINST DEFENDANT RIVIERA BEACH FOR FOURTH AMENDMENT VIOLATION, UNREASONABLE SEARCH AND SEIZURE

18.    Plaintiffs, ROGIER and CATHERINE, readopt and re-allege the allegations in paragraphs 1-15 as if fully set forth herein.

19.    Defendant, RIVIERA BEACH, by having a policy under color of state law as evidenced by the aforementioned conduct of its agent Assistant Chief David Harris, a high ranking officer of the City of Riviera Beach Police Department, did deprive with deliberate indifference Plaintiffs, ROGIER AND CATHERINE, of their right to be free from unreasonable searches of their home and seizures of their person and home as guaranteed by the Fourth Amendment to the United States Constitution.

20.    As a direct and proximate result of Defendant's, RIVIERA BEACH, policy referenced in paragraph 19, the Plaintiffs, ROGIER AND CATHERINE, suffered the following injuries:

    (a)    public shame and humiliation;

    (b)    emotional pain and suffering, past and future;

    (c)    punitive damages;

WHEREFORE, Plaintiffs, ROGIER and CATHERINE, demand judgment for compensatory and punitive damages against the Defendant, RIVIERA BEACH, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988, and trial by jury on all issues so triable.

**COUNT III**
**PLAINTIFF ROGIER'S FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT ASSISTANT CHIEF HARRIS**

Plaintiff, ROGIER, readopts and re-alleges the allegations in paragraphs 1-15 as if fully set forth herein.

21.     Defendant, ASSISTANT CHIEF HARRIS, restrained Plaintiff, ROGIER, without probable cause and against his will, in willful and wanton disregard of Plaintiffs' rights.

22.     As a direct and proximate result of the wrongful acts of the Defendant, ASSISTANT CHIEF HARRIS, Plaintiff, ROGIER, have suffered the following damages:

      (a)     public shame and humiliation;

      (b)     emotional pain and suffering, past and future;

      (c)     punitive damages;

WHEREFORE, Plaintiff, ROGIER, demands judgment against Defendant, ASSISTANT CHIEF HARRIS, for compensatory damages, punitive damages, costs, and trial by jury on all issues so triable.

## COUNT IV
## PLAINTIFF ROGIER'S FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT RIVIERA BEACH

Plaintiff, ROGIER, readopts and re-alleges the allegations in paragraphs 1-15 as if fully set forth herein.

23.    Defendant, ASSISTANT CHIEF HARRIS, along with other officers and agents employed by the City of Riviera Beach Police Department restrained Plaintiff, ROGIER, without probable cause and against his will.

24.    Defendant, RIVIERA BEACH, is vicariously liable for the aforementioned actions committed by Defendant, ASSISTANT CHIEF HARRIS, and its other employee(s) while they were acting within the course and scope of their employment.

25.    As a direct and proximate result of the wrongful acts of Defendant, RIVIERA BEACH, through its agents, Defendant, ASSISTANT CHIEF HARRIS, and the other police officers, the Plaintiff, ROGIER, has suffered the following damages: emotional pain and suffering, past and future; reasonable attorney's fees; and, public humiliation and embarrassment.

WHEREFORE, Plaintiff ROGIER demands judgment against Defendant RIVIERA BEACH for compensatory damages together with costs and trial by jury on all issues so triable.

Respectfully submitted,

RICHARD KEITH ALAN II
Fla. Bar #:  0120863
Attorney for Plaintiffs
301 Clematis Street, Suite 3000
West Palm Beach, Florida 33401
Phone: (561) 832-0097
Fax:    (561) 655-3202

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

*02-80320*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Roger D. Colley and Catherine E. Sampson

## DEFENDANTS
City of Riviera Beach, a Florida Municipality, and David Harris, individually

*CIV-MIDDLEBROOKS*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*MAGISTRATE JUDGE*
*BANDSTRA*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) (561) 832-0097
Richard Keith Alan II
301 Clematis Street
West Palm Beach, FL 33401

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 1983 and Section 1988 the Fourth Amendment and Fourteenth Amendment to the United States Constitution, and Florida tort law.

LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___   DOCKET NUMBER ___

DATE 4/11/02

SIGNATURE OF ATTORNEY OF RECORD  *Richard Keith Alan II*

FOR OFFICE USE ONLY

RECEIPT # 716105   AMOUNT $150.00   APPLYING IFP ___   JUDGE *Middlebrooks*   MAG. JUDGE *Bandstra*